UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re                               :
                                    :
    ENRON CORP., et al.,             :     04 Civ. 4494(BSJ)
                                    :
    Debtors.                        :     **Opinion**
                                    :
------------------------------------x
NEVADA POWER COMPANY and            :
SIERRA PACIFIC POWER COMPANY,       :
                                    :
    Appellants,                     :     Chapter 11
                                    :     Case No. 01-16034(AJG)
    v.                              :     Jointly Administered
                                    :
ENRON POWER MARKETING, INC.         :
                                    :
    Appellee.                       :
                                    :
------------------------------------x

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/15/05

The appellants in this action, Nevada Power Company and Sierra Pacific Power Company (collectively "Nevada"), seek review of a Bankruptcy Court decision which declined to recognize, or "disallowed" two proofs of claim filed against the appellee, Enron Power Marketing, Inc. ("EPMI").

Nevada's proofs of claim were based on two contingencies: first, the possibility that proceedings before the Federal Energy Regulatory Commission ("FERC") would result in a refund of money Nevada had previously paid to EPMI, and second, the possibility that counterclaims Nevada had filed in a related bankruptcy proceeding would do the same.

EPMI objected to the proofs of claim. By the time the Bankruptcy Court ruled on them on March 26, 2004, FERC had denied Nevada's request for a refund and the Bankruptcy Court itself had dismissed Nevada's counterclaims in a separate proceeding. Accordingly, the Bankruptcy Court disallowed the proofs of claim because the contingencies on which they were based had not materialized.

Nevada appealed to this Court. The appellants do not argue that the disallowance was wrong in substance; that is, they offer nothing to suggest that the proofs of claim were valid. Rather, they insist that the Bankruptcy Court lacked jurisdiction to disallow the claims. The basis for their jurisdictional argument is that the pendancy of a related appeal, known by the parties as the "Adversary Appeal," stripped the Bankruptcy Court of jurisdiction.

While this matter, the "Disallowance Appeal," was pending, this Court ruled on the Adversary Appeal.[1] The outcome of that appeal is quite familiar to the parties. (See October 15, 2004 Order, and December 23, 2004 Order, clarifying.) In very brief, this Court affirmed the Bankruptcy Court's dismissal of the counterclaims referenced above, reversed the grant of summary judgment in EPMI's favor on the question of "Termination

---

[1] On June 28, 2004 Nevada filed a motion seeking a stay of its own Disallowance Appeal pending resolution of the Adversary Appeal. Needless to say, that motion is moot.

2

Payments," and affirmed almost everything else. (See December 23, 2004 Order.)

In the current Disallowance Appeal, the relief Nevada requested was that the Bankruptcy Court's Disallowance Order be "reversed and remanded with instructions to stay the claims allowance process of the Nevada Companies' claims until the resolution of the Adversary Appeal." (Appellants' Brief at 13.)

The Adversary Appeal is no longer pending. After this Court reversed in part and remanded to the Bankruptcy Court, Nevada erroneously appealed to the Court of Appeals. That Court dismissed the matter, noting that the case is properly before the Bankruptcy Court. Given that the appellants did not attack the substance of the Bankruptcy Court's decision to disallow the claims, only its jurisdiction to do so while the Adversary Appeal was pending, it would seem that the Disallowance Appeal is moot. However, to avoid confusion and put an end to this piece of the prolix proceedings between the parties, the Court will briefly address the substance of Nevada's argument.

Standard of Review

A bankruptcy court's conclusions of law are reviewed *de novo*, and factual determinations for clear error. In re Ionosphere Clubs, Inc., 922 F.2d 984, 988-89 (2d Cir. 1990); FED.R.BANKR.P. 8013. The Bankruptcy Court's decision to disallow

appellants' proofs of claim was based on a factual determination that the contingencies necessary to those claims had not materialized. However, Nevada's appeal on jurisdictional grounds is a question of law, which this Court reviews *de novo*.

Nevada argues that the Bankruptcy Court had no right to conduct a claims allowance proceeding at all. To support its argument, Nevada offers a kitchen sink of jurisdictional complaints: that the Disallowance proceeding was a "re-litigation" of the Adversary proceeding, and should be blocked by res judicata; that the disallowance was an "enlargement" of the Bankruptcy Court's earlier order while an appeal of that order was pending, which the principle of divestiture should block; or, alternatively, that it was an "enforcement" of the judgment, barred by a Stay Order issued by the Bankruptcy Court.

It is none of these. In the Adversary proceeding between Nevada and EPMI, the Bankruptcy Court dismissed Nevada's counterclaims. Later, in the Disallowance proceeding, the Bankruptcy Court held that because the counterclaims had been dismissed they could not be the basis of Nevada's proof of claim. That's not enlargement or re-litigation, it's logic.

Neither divestiture nor res judicata applies here. The function of Bankruptcy Court is to resolve controversies involving debtors and creditors who may have multiple claims

against each other. See In re Sonnax Industries, Inc., 907 F.2d 1280, 1283 (2d Cir. 1990). As a general principle, an order or judgment in federal court is binding and entitled to preclusive effect even when an appeal from that judgment is pending. See, e.g., Petrella v. Siegel, 843 F.2d 87, 90 (2d Cir. 1988). The act of appealing one piece of bankruptcy litigation does not suspend action in separate, albeit related pieces. See In re Board of Directors of Hopewell Int'l Ins. Ltd., 258 B.R. 580, 582-583 (Bankr. S.D.N.Y. 2001) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

The Stay Order in question was issued by the Bankruptcy Court after its ruling in the Adversary Proceeding. The Stay remains in place; its purpose is to prevent judgment monies from changing hands prematurely. It was not intended to bring the litigation between the parties to a halt.

In addition, Nevada asserts that the allowance or disallowance of proofs of claim related to pre-petition contracts is not a core bankruptcy matter, and should have been decided by an Article III court. (Appellants' Br. at 14-19.) This Court explicitly found to the contrary in its December 23, 2004 order. (December 23, 2004 Order at 13.)

Nevada's final argument is its claim of necessity: that the disallowance of the two proofs of claim should be reversed to

5

the extent that this Court, in ruling on the Adversary Appeal, reversed the Bankruptcy Court and affected the underlying basis of the proofs of claim. (Appellants' Br. at 20.) This Court affirmed the dismissal of Nevada's counterclaims, and it had no jurisdiction over the appeal of the FERC proceeding. The only substantive element of the Adversary Appeal on which the Court ruled in Nevada's favor was to reverse the Bankruptcy Court's grant of summary judgment to EPMI on the termination payments. (See October 15, 2004 Order.) The termination payments concern fees which EPMI claims it is owed, but which Nevada has not yet paid. Therefore, a final determination in Nevada's favor would not result in any money changing hands, and Nevada could not sustain a proof of claim on that basis.

Should any of the underlying contingencies come to pass in the course of subsequent litigation, Nevada may make an application pursuant to Section 502(j) of the Bankruptcy Code for reconsideration of a disallowed claim. This Court will not overturn the Bankruptcy Court on speculation.

For the foregoing reasons, the Bankruptcy Court's March 26, 2004 Order disallowing Nevada's proofs of claim is hereby AFFIRMED. The Clerk of the Court is directed to close the case.

**SO ORDERED:**

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         April 14, 2005